## Oliver v. Metrick

*Michael Halliday,* for plaintiffs and additional defendants.

*Peter C. Acker,* for defendants.

FORNELLI, *J.,* January 8, 1988 — This is a personal injury action arising out of a two-car motor vehicle collision wherein it is alleged that serious injuries resulted in two minor passengers, aged one

and four. The minor passengers were apparently seated in one front passenger seat secured by one seatbelt.

Defendant has filed an answer and new matter alleging contributory negligence of the parents and alleging that the parents are jointly and severally liable and joined them as additional defendants under Pa.R.C.P. 2252(d).

Plaintiff has filed preliminary objections in the nature of a motion to strike certain portions of defendants' new matter and has asked for a more specific pleading in relation thereto.

At the time of argument, it was stipulated by and between the parties' attorneys that paragraph 62(j) and 63(e) of defendants' new matter refer solely to the matters set forth in paragraph 62(i) and to no others. This stipulation, therefore, resolves the need for a more specific pleading in relation to these paragraphs. Plaintiffs' request for more specific pleading as to paragraph 62(e) is refused. This subparagraph is taken almost verbatim from Vehicle Code Section 75 Pa.C.S. §3361 which makes it a vehicular offense to drive at a speed greater than reasonable and prudent under the circumstances. This code section does not require the determination of an actual speed traveled and the matters which plaintiffs desire can be more fully developed through discovery.

Plaintiffs also request to strike various allegations that plaintiffs were contributorily negligent in placing two children in one seat secured by one seatbelt relying upon 75 Pa.C.S. §4581 et seq., the Child Passenger Protection Act. That act in subparagraph (e) of section 4581 specifically prohibits any violation of the act being used as evidence in the trial of a civil action. It specifically prohibits evidence of failure to use a child passenger restraint system be

considered as contributory negligence. Nor shall the failure to use such a system be admissible as evidence in the trial of any civil case. The child passenger restraint system referred to in the act is defined in subparagraph (d) in terms of the Federal Motor Vehicle Safety Standards (49 C.F.R. §571.213.)

Therefore, defendants' allegations in paragraphs 62(h) and 63(c) of new matter wherein they allege that plaintiffs failed to "secure minor plaintiff Eric M. Oliver in a child passenger restraint" (paragraph 62(h)) and in "failing to secure minor plaintiff Eric M. Oliver in a child passenger restraint" (paragraph 63(c)) must be stricken.

Plaintiffs also request that paragraphs 62(f) and (g) and 63(a) and (b) be stricken as violative of this act. Paragraph 62(f) and 63(a) allege negligence on the part of the plaintiffs in allowing the two minor plaintiffs to travel in a vehicle "in which there was not proper passenger restraint systems." Paragraphs 62(g) and 63(b) allege negligence on the part of the plaintiffs in permitting both minor plaintiffs to sit "in the single right front passenger seat of the vehicle." These allegations do not on their face violate the prohibitions of the Child Passenger Protection Act.

It is clear a close reading of the act and in particular, subparagraph (g) which deals with exemptions and subparagraph (d) which deals with standards, that a distinction is made between a "child passenger restraint system" and seat safety belts. The prohibitions in subparagraph (e) as to evidence of violations not being admissible at civil trials refer only to child passenger restraint systems. Moreover, the prohibitions of subparagraph (e) refer to evidence of the failure to use a restraint system, whereas defendants' new matter in paragraphs

62(g) and 63(b) allege not a failure to use a passenger restraint system or a failure to use any system, rather it alleges a misuse of the existing seatbelt in permitting two children of different ages and sizes to occupy the same seat and belt. Whether or not defendants will be able to establish by appropriate evidence that such use of a seatbelt was negligence and that such use of the seatbelt was a proximate cause of the injuries to either minor plaintiff remains a matter of proof. However, they are entitled to the opportunity to meet that burden of proof and are not so prohibited by the Child Passenger Protection Act under the facts of this case as alleged by defendant.

Hence, this

## ORDER

And now, January 8, 1988, plaintiffs' motion for more specific pleading of paragraph 62(e) of new matter is refused. Its motion as to paragraphs 62(j) and 63(e) is mooted by the stipulation of the parties. Plaintiffs' motion to strike paragraphs 62(d) and 63(c) of new matter is granted. Its motion to strike paragraphs 62(f) and (g) and 63(a) and (b) is refused.